# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-1282V

|  |  |
|---|---|
| BELINDA YANCHIK, *as personal representative of* ESTATE OF BETTY MAE SPENCER,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: June 12, 2026 |

*Joseph Alexander Vuckovich, Maglio Christopher & Toale, PA, Washington, DC, for Petitioner.*

*Ryan Pohlman Miller, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 13, 2022, Belinda Yanchik, as personal representative of the estate of Betty Mae Spencer, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that Betty Mae Spencer suffered Guillain-Barré syndrome ("GBS") following an influenza vaccination she received on October 9, 2019. Petition at 1. On September 16,

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

2025, I issued a decision awarding damages to Petitioner based on the parties' stipulation. ECF No. 50.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $78,565.10 (representing $76,464.50 in fees plus $2,100.60 in costs). Motion for Payment of Petitioner's Attorneys' Fees and Reimbursement of Case Costs ("Motion") filed March 13, 2026, ECF No. 58. Furthermore, Petitioner filed a signed statement representing that no personal out of pocket expenses were incurred. ECF No. 58-4.

Respondent reacted to the motion on March 23, 2026, representing that he is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondents' Response to Motion at ECF No. 59. On March 25, 2026, Petitioner filed a reply requesting that the amount of fees and costs in the Motion be awarded. ECF No. 60.

The rates requested for attorney work performed through 2025 are reasonable and consistent with our prior determinations and will therefore be awarded herein. Petitioner requests the rate of $535.00 for work performed in 2026 by attorney Joseph Vuckovich. This represents a rate increase of $45.00 from the previous year. I find the requested rate increase to be reasonable and it is hereby awarded herein.  And all time billed to the matter was also reasonably incurred.

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 58-3 at 1-30. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$78,565.10 (representing $76,464.50 in fees plus $2,100.60 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master